.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                                          :
JEREMY YOUNG,                             :
                                                                          :         CASE NO. 1:09-CV-1810
              Plaintiff,                   :
                                                                          :
vs.                                                                             :         OPINION & ORDER
                                                                          :         [Resolving Doc. No. 23]
KIEBLER RECREATION, LLC,        :
                                                                          :
              Defendant.                :
                                                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      In this putative class action under the Fair and Accurate Credit Transaction Act, Defendant Kiebler Recreation LLC ("Recreation") moves this Court to dismiss the case for lack of personal jurisdiction and venue or, in the alternative, moves for transfer to the Western District of New York. [Doc. 23.] Plaintiff Jeremy Young opposes the motion. [Doc. 42.]

      With his Complaint, Plaintiff Young says that Defendant Recreation unlawfully printed the expiration date of his credit or debit card on a receipt printed at its New York resort property Peek'N Peak. [Doc. 22.] To resolve the instant motion, the Court analyzes whether the Defendant has sufficient contacts with Ohio to establish personal jurisdiction in this Court and whether this case should nevertheless be transferred for the convenience of the witnesses and the interests of justice.

      For the following reasons, the Court **DENIES** the Defendant's motion to dismiss for lack of personal jurisdiction but **GRANTS** the motion to transfer and **ORDERS** this case be transferred to

Case No. 1:09-CV-1810
Gwin, J.

the U.S. District Court for the Western District of New York.

## I. Background

Plaintiff Young, a resident of Conneaut, Ohio, brings this putative class action against Defendant Recreation, a New York limited liability company. [Doc. 22 at 1-2.] Conneaut lies roughly 70 miles from Cleveland and 120 miles from Buffalo, New York. Since 2006, Recreation has owned and operated Peek'N Peak Resort & Spa in Findley Lake, New York. [Doc. 23-2.]

On January 24, 2009, Young purchased unspecified goods from the Defendant at Peek'N Peak. [Doc. 22 at 5.] According to the Plaintiff, however, the Defendant provided him with a receipt that contained the expiration date of his credit or debit card. [Doc. 22 at 5.]

Under the Fair and Accurate Credit Transaction Act ("FACTA"), 15 U.S.C. § 1681 *et seq.*, it is unlawful for a person who accepts credit or debit cards to print more than the last five digits of the card number or to print the card's expiration date on a receipt given to the cardholder. FACTA provides the victims of violations with statutory damages and the victims of willful violations with punitive damages and attorney's fees. *Id.* § 1681(n).

The Plaintiff filed this action in the Cuyahoga County Court of Common Pleas on June 26, 2009. [Doc. 1-2.] The Defendant removed to this Court on August 4, 2009. [Doc. 1.] On September 16, 2009, the Plaintiff filed his Second Amended Complaint. [Doc. 22.] The Defendant filed a motion to dismiss or transfer venue on September 25, 2009. [Doc. 23.] After conducting jurisdictional discovery, the Plaintiff filed a brief in opposition. [Doc. 42.] The Defendant has replied, [Doc. 45], and the motion is now ripe for ruling.

## II. Legal Standard

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move a court

Case No. 1:09-CV-1810
Gwin, J.

to dismiss a case for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists, "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).

The plaintiff bears the burden of demonstrating that personal jurisdiction exists. *Air Prods. and Controls, Inc.*, 503 F.3d at 549. Where the defendant files a properly supported motion to dismiss, "the plaintiff may not stand on [its] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews d/b/a Matthews Lumber Transfer*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citation omitted). Nonetheless, when ruling on a motion to dismiss for lack of personal jurisdiction, a district court, "without conducting an evidentiary hearing, . . . must consider the pleadings and affidavits in a light most favorable to the plaintiff." *Motel 6*, 134 F.3d at 1272 (citations omitted). The plaintiff "need only make a prima facie showing of jurisdiction," and the court "does not weigh the [defendant's] controverting assertions." *Id.* Dismissal is proper where the plaintiff's factual allegations taken together fail to establish a *prima facie* case for personal jurisdiction. *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

In considering a motion to transfer venue based on § 1404(a), this Court "weigh[s] a number of case-specific factors such as the convenience of the parties and witnesses, public-interest factors of systemic integrity, and private concerns falling under the heading 'the interest of justice.'" *Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002).

Case No. 1:09-CV-1810
Gwin, J.

### III. Analysis

With its motion to dismiss, the Defendant challenges both personal jurisdiction and venue. Under 28 U.S.C. § 1391(c), however, if this Court finds it has personal jurisdiction over the Defendant company, venue is also proper. Accordingly, the Court first analyzes whether Ohio law provides for jurisdiction over Recreation in a manner that comports with federal due process. The Court then turns to whether regardless of jurisdiction, this case merits transfer to the Western District of New York.

### A. Personal Jurisdiction

Personal jurisdiction over Defendant Recreation exists if the company is amenable to service of process under Ohio's long-arm statute and if the exercise of personal jurisdiction would not deny the Defendant due process. *See Bird* 289 F.3d at 871.

*1. Ohio Long-Arm Statute*

Turning first to Ohio's long-arm statute, Plaintiff Young relies on three of its provisions as a basis for the Court's jurisdiction in this case: "Transacting any business in this state," Ohio Rev. Code § 2307.382(A)(1); "Causing tortious injury in this state by an act or omission outside this state if [the defendant] regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state," *Id.* § 2307.382(A)(4); and "Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when [the defendant] might reasonably have expected that some person would be injured thereby in this state." *Id.* § 2307.382(A)(6).

As to the two "tortious injury" provisions, the Court finds they do not provide a basis for personal jurisdiction in this case. Although Plaintiff Young argues that the Defendant's alleged

-4-

Case No. 1:09-CV-1810
Gwin, J.

FACTA violations gave rise to the tort of invasion of privacy, he makes no tort claim in his Second Amended Complaint. In fact, Young does not allege any actual injury or harm to his privacy rights, nor does he allege that Recreation ever disclosed his private information to anyone but him. [Doc. 22 at ¶37.]

In addition, both §§ (A)(4) and (A)(6) require that the injury occur in Ohio. *See, e.g.*, *Grossi v. Presbyterian Univ. Hosp.*, 446 N.E.2d 473, 476 (Ohio Ct. App. 1980) (holding allegations in complaint insufficient to confer personal jurisdiction in Ohio where plaintiff died in Pennsylvania hospital). None of the allegations in the Complaint or subsequent facts adduced by the parties on discovery suggest that the Plaintiff suffered any injury in Ohio. *Cf. The Rightthing, LLC v. Brown*, No. 3:09-CV-135, 2009 WL 249694, at *4 (N.D. Ohio Feb. 2, 2009) (finding personal jurisdiction under §(A)(4) where defendant accessed plaintiff's confidential information *stored in Ohio* and subsequently disclosed it in California) (emphasis added). Thus, because Plaintiff Young's injury in this case occurred in New York, §§ (A)(4) & (6) do not provide a basis for personal jurisdiction in this case.

Turning to the sole remaining long-arm provision upon which Plaintiff Young relies, Young says that Recreation "regularly transacts business in Ohio" through various marketing activities. [Doc. 42 at 12.] When considering personal jurisdiction, Ohio courts give the phrase "transacting any business" a broad interpretation. *See Ricker v. Fraza/Forklifts of Detroit*, 828 N.E.2d 205, 209 (Ohio Ct. App. 2005). Thus, the phrase encompasses the concepts of "carrying on business" and "having dealings" in Ohio and is broader than the word "contract." *Id.* (citing *Goldstein v. Christiansen*, 638 N.E.2d 541, 544 (Ohio 1994)).

In this case, however, the Court need not undertake an exhaustive analysis of whether the

Case No. 1:09-CV-1810
Gwin, J.

Defendant's marketing activities constitute transacting business in Ohio because even assuming they did, Plaintiff Young's cause of action does not arise from those acts. *See* Ohio Rev. Code § 2308.382(C). As the Sixth Circuit noted in *Brunner v. Hampson*, 441 F.3d 457, 466 (6th Cir. 2006), Ohio's long-arm statute requires a "proximate cause" relationship between the plaintiff's injury claim and the defendant's conduct in Ohio.

Here it cannot be said that Young's FACTA action arose as a proximate cause of the Defendant's marketing activities. Instead, Young's injury arose from Recreation's alleged failure to maintain its credit card processing system in compliance with federal law. *Cf. Brunner*, 441 F.3d at 466-67 (holding that court lacked personal jurisdiction over Ohio plaintiffs' negligence claims based on the defendant's allegedly "inadequate and unsafe facilities and equipment" in Canada because injury arose from facilities' condition not Ohio advertising); *see also Coleman v. Chen*, 712 F. Supp. 117, 117-19 (S.D. Ohio 1988) (finding no personal jurisdiction where Ohio plaintiff sued California Holiday Inn franchisees for injuries sustained in parking lot slip and fall in California even though plaintiff stayed at hotel because of Holiday Inn advertising in Ohio); *Cruz v. Ky. Action Park, Inc.*, 950 F. Supp. 210, 212 (N.D. Ohio 1996) (holding connection between defendant's advertising and plaintiff's injury "too tenuous" to support jurisdiction in Ohio where plaintiff purported injuries arose from the condition of the defendant's Alpine Slide ride in Kentucky).

Accordingly, the Court finds that the Ohio long-arm statute does not provide a basis for exercising personal jurisdiction over Defendant Recreation in this case.

*2. General Jurisdiction Under Ohio Law & the Due Process Clause*

Nevertheless, several federal courts applying Ohio law have found that the state also recognizes general jurisdiction as implied in the terms of long-arm statute. *See, e.g.*, *Hunter v.*

Case No. 1:09-CV-1810
Gwin, J.

*Mendoza*, 197 F. Supp. 2d 964, 970-71 (N.D. Ohio 2002) ("Recent interpretation of Ohio law subsequent to the Ohio Supreme Court's decision in *Goldstein*, however, has suggested that the exercise of personal jurisdiction in Ohio is not limited to specific personal jurisdiction or causes of action arising from defendant's conduct in the state.") (citing *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1373 (Fed. Cir. 2000)); *Keybanc Capital Markets v. Apline Biomed Corp.*, No. 1:07CV1227, 2008 WL 828080, at *6 (N.D. Ohio Mar. 26, 2008) ("Ohio law recognizes general jurisdiction."); *Peninsula Asset Mgmt Ltd. v. Hankook Tire Co., Ltd.*, No. 5:04CV1153, 2006 WL 657141, at *2 (N.D. Ohio Mar. 13, 2006).

Thus, when an out-of-state defendant has "continuous and systematic" contacts with Ohio, it is "doing business" in Ohio and is amenable to suit in Ohio. *Hunter*, 197 F. Supp. 2d at 970 (quoting *LSI Indus.*, 232 F.3d at 1373)). Unlike the restrictions imposed by the proximate cause analysis of the Ohio long-arm statute, general personal jurisdiction subjects a defendant to suit in Ohio for actions unrelated to its business in the state. *Bird*, 289 F.3d at 873. Morever, because Ohio's grant of general jurisdiction is co-extensive with the requirements of federal due process, the Court conducts a unified inquiry on that grounds. *See Keybanc Capital Markets*, 2008 WL 828080, at *5 ("In essence, the Ohio Supreme Court adopted the federal due process general jurisdiction standard as a hook for prong one of the personal jurisdiction inquiry.") (quoting *LSI Indus.*, 232 F.3d at 1373).

In this case, although the question is close, the Court finds that Plaintiff Young has pointed to sufficient facts to make a prima facie showing of this Court's general jurisdiction over Defendant Recreation. Specifically, Recreation maintains an interactive—not passive—website that contains directions to Peek'N Peak from Cleveland, Ohio, and allows Ohio residents to make reservations at

Case No. 1:09-CV-1810
Gwin, J.

the resort. [Doc. 22 at 2-3.] Moreover, the Defendant actively advertises the resort on Ohio television and radio as well as in Ohio newspapers. [Doc. 42-1 at 6.] In fact, from 2006-2009 Recreation spent 14.5% of its advertising dollars on Ohioans.

In addition to these passive forms of advertising, Recreation has employed several persons tasked with marketing the resort to Ohio residents, ranging from an Ohio Regional Sales Director and separate Cleveland Area Sales Representative to a part-time Sales Clerk who works at a mall kiosk in Mentor, Ohio. [Doc. 42-1 at 10.] The company has also made sales calls on ski shops and other businesses in Ohio. [*Id.* at 11.]

As a result, the Defendant estimates that Ohioans have made up nearly 23% of "visits" to its resort in the last three years. [Doc. 42-1 at 15.] Over that same three year period, these Ohio residents have commensurately accounted for approximately $13.8 million in revenue for the Defendant—approximately 23% of the company's total revenue. [*Id.* at 13.]

Given the range of the Defendant's continual contacts with Ohio as well as the extent to which Ohio residents serve as a source of visits and revenue, the Court finds that it has personal jurisdiction over the Defendant.

**B. Venue**

Because this Court has personal jurisdiction over the corporate Defendant, venue in this Court is also proper. *See* 28 U.S.C. 1391(c) ("For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."). Nevertheless, the Court analyzes whether to transfer the case to the Western District of New York, pursuant to 28 U.S.C. § 1404(a).

As an initial matter, the parties do not dispute that venue would be proper in New York. As

Case No. 1:09-CV-1810
Gwin, J.

Recreation is a New York limited liability company, resides in the Western District, and printed the allegedly-offending receipt in the Western District, the Court agrees that venue would be proper there.  Accordingly, the Court considers each of the § 1404(a) factors.

*1. Convenience of the Parties & Witnesses*

Looking to the convenience of the parties, the plaintiff's choice of forum is not exclusively determinative but is instead merely one of the relevant factors in the § 1404(a) analysis. *Int'l Union, U.A.W. v. Aluminum Co. of America*, 875 F. Supp. 430, 433 (N.D. Ohio 1995).  Moreover, when the plaintiff seeks to certify a nationwide class, "the deference usually accorded to the plaintiff's choice of venue is less important." *Int'l Car Show Ass'n v. Am. Soc. Of Composers, Authors & Publishers*, 806 F. Supp. 1308, 1312 (E.D. Mich. 1992); *see also Donia v. Sears Holding. Corp.*, No. 1:07-cv-2627, 2008 WL 2323533 at *4 (N.D. Ohio, May 30, 2008) ("[T]he importance of the plaintiff's choice of forum is nonetheless diminished where the plaintiff has intentionally broadened the geographic scope of the action by seeking to certify a class.").

In this case, although the Plaintiff originally filed his claim in Ohio, he nevertheless seeks to certify a nationwide class of persons harmed by the Defendant's actions in New York.  Accordingly, the Court affords some weight to Plaintiff Young's choice of forum, but not a significant amount.

As to other witnesses and evidence, the Defendant says that the majority of the witnesses and documentation relevant to this case are located in New York.  [Doc. 23-2 at 1.]  Responding, the Plaintiff points out that some of these witnesses, including the company's manager and its general counsel actually reside in northeast Ohio. [Doc. 42-1 at 8, 22.]

The convenience factor is not merely a numbers game, however. *See Faktor v. Lifestyle Lift*, No. 1:09CV511, 2009 WL 5217089, at *4 (N.D. Ohio Dec. 30, 2009); *see also ESPN, Inc. v.*

Case No. 1:09-CV-1810
Gwin, J.

*Quiksilver, Inc.*, 581 F. Supp. 2d 542, 547-548 (S.D.N.Y. 2008) ("[A] court does not merely tally the number of witnesses . . . Instead, the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide."); *Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1357 (N.D. Ga. 2004); 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice & Procedure* § 3851 (3d ed. & Supp. 2009) ("The courts also have been careful not to let a motion for transfer become 'a battle of numbers.'").

Here, the Court finds that the witnesses most relevant to this case are located in western New York. Because this case involves an allegedly willful FACTA violation, relevant testimony will likely come from witnesses familiar with general company policy as well as witnesses more directly in charge of financial and technological matters at the resort, including those responsible for installing the machines and ensuring their compliance with federal law. Although Peek'N Peak's manager resides in Ohio, he works at the resort in New York. [Doc. 42-3 at 1, 23-2 at 1.] Moreover, the Defendant's controller, director of information technology, and director of internal audit are also located in New York. [Doc. 42-3 at 2.] As important, these witnesses are subject to subpoena to the federal court house in Buffalo but would not be subject to subpoena to Cleveland.

Moreover, the physical evidence relevant in this case is also located in New York. Specifically, Recreation's records and documents are stored there, presumably along with the machines and systems relevant to processing the Defendant's credit and debit card transactions. [Doc. 23-2 at 1.] In contrast, the Plaintiff has identified no specific evidence located in Ohio, evidence which would likely include only his receipt.

Thus, the convenience of the witnesses weighs in favor of transfer to New York.

*2. Interests of Justice*

-10-

Case No. 1:09-CV-1810
Gwin, J.

The Court finds that the public interest and interests of justice weigh in favor of transfer as well. Public interest factors include the issues of congested dockets, concerns with resolving controversies locally, and having the trial in a forum that is familiar with the state law that governs the case. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947).

Although the Plaintiff correctly notes that this case presents only issues of federal law, this case also involve a potentially large class action award against a New York—not Ohio—company. *Cf. Am. Greetings v. Cookie Jar Entm't, Inc.*, No. 1:09CV1056, 2009 WL 3713686, at *9 (N.D. Ohio Nov. 3, 2009) (denying motion to transfer venue from Ohio where citizens of Ohio, not New York, had particular interest in case outcome because plaintiff corporation was located in Cleveland and drew much of its workforce from Ohio); *see also Mind-Peace*, No. 2:06cv632, 2006 WL 2849811, at *3 (considering in § 1404(a) analysis that plaintiff's business focused on selling to self-insured employers in Ohio and that these employers had interest in resolution of case).

Moreover, federal courts considering the interests of justice have transferred cases where the parties have raised a substantial question on an issue collateral to the merits—such as personal jurisdiction. *See, e.g.*, *Fort Knox Music, Inc. v. Baptiste*, 139 F. Supp. 2d 505, 511-12 (S.D.N.Y. 2001) (transferring case because "real questions exist as to whether this Court can properly exercise jurisdiction over defendant"); *C.M.B. Foods, Inc. v. Corral of Middle Ga.*, 396 F.Supp. 2d 1283, 1289 (M.D. Ala. 2005) (interests of justice weighed in favor of transfer to a forum "that unquestionably meets the venue and personal jurisdiction requirements for all the defendants in this lawsuit.").

In this case, although the Court finds it has personal jurisdiction over the Defendant, the question is a close one. Moreover, the source of this Court's jurisdiction—Ohio's general

-11-

Case No. 1:09-CV-1810
Gwin, J.

jurisdiction—is one not expressly provided by the state's long-arm statute and only implicitly recognized by federal—not state—courts applying Ohio law. Accordingly, the interests of justice weigh in favor of transfer.

Having concluded that Plaintiff's choice of forum is entitled to only some weight and that the convenience of the witnesses and the interests of justice weigh in favor of transfer, this Court finds transfer pursuant to § 1404(a) appropriate.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** the Defendant's motion to dismiss for lack of personal jurisdiction but **GRANTS** the motion to transfer and **ORDERS** this case be transferred to the U.S. District Court for the Western District of New York.

IT IS SO ORDERED.


Dated: January 26, 2010                              s/      *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE